IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-04-110 (1) |
| | § | |
| OSCAR DEL CASTILLO, | § | |
|     Defendant. | § | |

**ORDER DENYING WITHOUT PREJUDICE**
**LETTER MOTION FOR DOCUMENTS AND TRANSCRIPTS**

Pending before the Court is Defendant Oscar Del Castillo's letter motion received by the Clerk on June 20, 2008, in which he seeks a copy of his sentencing transcript at a "negotiated price." (D.E. 20.) He states that he is unable to afford the cost of the transcript, which the Clerk had previously informed him was $110.00. His only explanation as to why he desires the sentencing transcript is that it "is very important to [him] in obtaining his freedom." (D.E. 20 at 1.) The motion has been referred to the undersigned, and is hereby construed as a motion for his sentencing transcript at government expense.

Assuming that Defendant could establish that he is indigent,[1] an indigent defendant has a statutory right to transcripts at government expense only in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Defendant was sentenced on July 29, 2004. (D.E. 13.) Judgment of conviction was entered against him on August 2, 2004. (D.E. 14.) He did not appeal. Additionally, he has no pending

---

[1] Defendant has not yet submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the undersigned resolves his motion on other grounds, it is not necessary to make a determination at this time as to whether Defendant is, in fact, indigent.

1

motions (other than his request for his sentencing transcript) and no active proceedings in his criminal case. For example, he has not yet filed a motion pursuant to 28 U.S.C. § 2255.[2] Accordingly, he fails to meet the statutory requirements for a free transcript. 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Thus, to the extent Defendant's letter seeks his sentencing transcript at government expense, his motion is DENIED WITHOUT PREJUDICE to his ability to seeks similar relief in the future in the event he has active proceedings before the Court. .

## CONCLUSION

For the foregoing reasons, Defendant's motion (D.E. 20) is DENIED WITHOUT PREJUDICE.

ORDERED this 10th day of July, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[2] Moreover, in light of the fact that Defendant's conviction became final in August 2004, any future § 2255 motion filed by Defendant would likely be barred by the applicable statute of limitations. See 28 U.S.C. § 2255.